COPY

1  Robert R. Pohls (California Bar #131021)
   Jason G. Gong (California Bar #181298)
2  Stacey L. Leask (California Bar #233281)
   **POHLS & ASSOCIATES**
3  12657 Alcosta Boulevard, Suite 150  E-filing
   San Ramon, California 94583
4  Telephone: (925) 973-0300
   Facsimile: (925) 973-0330
5
   Attorneys for Defendants **Albertson's, Inc.** and
6  **Albertson's, Inc. Employees' Disability Plan**
7
   ORIGINAL
   FILED

   AUG 3 1 2007

   RICHARD W. WIEKING
   CLERK, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
   OAKLAND

8               UNITED STATES DISTRICT COURT
9               NORTHERN DISTRICT OF CALIFORNIA

                                                ADR

10
11  KAMAL JOHAL                      Case No.  C07-04529 WHA

12           Plaintiff,              **NOTICE OF REMOVAL OF CIVIL ACTION
        vs.                          TO THE UNITED STATES DISTRICT COURT**
13  ALBERTSON'S, INC.; ALBERTSON'S INC.
    EMPLOYEES' DISABILITY PLAN; and DOES
14  1 through 20, inclusive,
15           Defendants.
16
17
18
19  TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF
20  CALIFORNIA:
21       PLEASE TAKE NOTICE that defendants Albertson's, Inc. ("Albertson's") and
22  Albertson's, Inc. Employees' Disability Plan (the "Plan") hereby remove this action to the
23  United States District Court for the Northern District of California, on the grounds set forth
24  below:
25       1. On June 27, 2007, an action was commenced in the Superior Court of the State of
26  California, County of Alameda, entitled *Kamal Johal, Plaintiff v. Albertson's, Inc., et al.,*
27  *Defendants*, as Case No. RG-07338017 (the "Action"). A copy of the complaint in the Action is
28  attached to this notice as Exhibit 1.

---

**NOTICE OF REMOVAL OF CIVIL ACTION
TO THE UNITED STATES DISTRICT COURT**

Page 1

2. The first date upon which Albertson's and/or the Plan received a copy of the complaint in the Action was August 1, 2007, when the summons, complaint and civil cover sheet were served on Albertson's registered agent for service of process.

3. Copies of the summons and civil cover sheet, which were among the documents from the Action that plaintiff served on Albertson's registered agent for service of process on August 1, 2007 are collectively attached to this notice as Exhibit 2.

4. The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331 and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. Section 1441(b).

5. The claims set forth in the complaint involve a claim for disability benefits under an employee benefit plan that is governed by the Employee Retirement Income and Security Act of 1974 ("ERISA"). Federal question jurisdiction therefore exists under 29 U.S.C. Section 1331.

6. Albertson's and the Plan are informed and believe, and on that basis allege, that plaintiff Kamal Johal is a citizen and resident of the State of California.

7. Albertson's is a corporation, organized and existing under the laws of the State of Delaware and having its principal place of business in the State of Idaho.

8. The Plan is an employee welfare benefit plan within the meaning of ERISA that was established and maintained by Albertson's for the benefit of certain of its eligible employees.

9. Under 28 U.S.C. Section 1441(a), venue is proper within the Northern District of California because the Action was pending in the California Superior Court in and for the County of Alameda at the time of its removal. Venue also is proper within the Northern District of California because Albertson's conducts business within this jurisdiction.

10. No other defendants have been served with the summons and complaint in the Action.

///

///

///

11. A notice of filing this notice of removal and related notice of stay of proceedings are concurrently being filed with the Superior Court of the State of California, County of Alameda and are concurrently being served on plaintiff.

**POHLS & ASSOCIATES**

_____
Robert R. Pohls
Jason G. Gong
Stacey L. Leask
Attorneys for Defendants **Albertson's, Inc.** and **Albertson's, Inc. Employees' Disability Plan**

## PROOF OF SERVICE

**Kamal Johal v. Albertson's, Inc., et al.**
**Alameda County Superior Court Case No. RG-07338017**
**U.S. District Court, Northern District of California, Case No.** (not yet assigned)

I, Stacey L. Leask, declare that I am over the age of eighteen years, and not a party to this action or proceeding. My business address is 12657 Alcosta Boulevard, Suite 150, San Ramon, CA 94583. On August 31, 2007, I caused the following document(s) to be served:

### NOTICE OF REMOVAL OF CIVIL ACTION
### TO THE UNITED STATES DISTRICT COURT

☒ in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Terrence J. Coleman, Esq.
**Pillsbury & Levinson, LLP**
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, California 94111

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 31, 2007, at San Ramon, California.

_____
Stacey L. Leask

*EXHIBIT 1*

Terrence J. Coleman   (State Bar No. 172183)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, California 94111
Telephone: (415) 433-8000
Facsimile: (415) 433-4816
E-mail: tcoleman@pillsburylevinson.com

Attorneys for Plaintiff,
KAMAL JOHAL

ENDORSED
FILED
ALAMEDA COUNTY

JUL 27 2007

CLERK OF THE SUPERIOR COURT
By KMEL DHILLON Deputy

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

KAMAL JOHAL,

Plaintiff,

v.

ALBERTSON'S, INC.; ALBERTSON'S INC. EMPLOYEES' DISABILITY PLAN; and DOES 1 through 20, inclusive,

Defendants.

Case No. RG 07338017

COMPLAINT FOR RECOVERY OF EMPLOYEE BENEFITS; BREACH OF FIDUCIARY DUTY; EQUITABLE RELIEF; and FAILURE TO PRODUCE DOCUMENTS

JURY TRIAL DEMANDED

BY FAX

Plaintiff alleges on information and belief as follows:

GENERAL ALLEGATIONS

1. Plaintiff KAMAL JOHAL is an individual residing in the State of California.

2. Defendant ALBERTSON'S, INC. was and is a business entity authorized to transact business in the State of California, including the issuance and administration of employees' disability insurance plan benefits.

3. Defendant ALBERTSON'S, INC. EMPLOYEES' DISABILITY BENEFITS PLAN ("the Plan") is a long-term disability plan which is offered by Defendant ALBERTSON'S INC. The Plan is an employee welfare benefit plan

COMPLAINT                          1                          Case No._____

governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Defendant ALBERTSON'S, INC. was and remains the named Plan Administrator and Plan Fiduciary of the Plan.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by said fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when they have been ascertained.

5. At all relevant times, Plaintiff was employed as a pharmacist with ALBERTSON'S, INC. and as such was enrolled in the Plan which it offered and issued.

6. At all material times hereto, Plaintiff was insured under the Plan. Under the Plan, ALBERTSON'S, INC. promised, in relevant part, to pay benefits in the event that she became unable to perform the material and substantial duties of any gainful occupation for which she was reasonably fitted by reason of her training, education and experience.

7. At all material times herein, Plaintiff complied with all the material provisions pertaining to the Plan and/or compliance was waived by Defendants. While the Plan was in full force and effect, Plaintiff became disabled and entitled to benefits under the terms of the Plan as a result of, *inter alia*, Post-Polio Syndrome and its related tremendous fatigue and weakness; severe degenerative changes in both knees, requiring total knee replacement; bilateral nerve entrapment, carpal tunnel syndrome and ulnar neuropathy; and sleep apnea. Plaintiff has been, remains, and will be unable to perform the substantial and material duties of any gainful occupation.

8. Shortly after becoming disabled, Plaintiff timely applied for disability benefits under the Plan.

9. After submitting her claim for benefits, ALBERTSON'S, INC. paid

COMPLAINT                                    2                                    Case No.____

monthly disability benefits for an extended period of time. Without conducting any reasonable or thorough investigation and without any evidence or information that Plaintiff's conditions had improved to allow a return to gainful employment, ALBERTSON'S, INC. terminated benefits as of October 31, 2006. ALBERTSON'S, INC. terminated benefits knowing Plaintiff was scheduled for additional surgeries, including a total knee replacement.

10. Thereafter, through counsel, Plaintiff timely appealed ALBERTSON'S, INC.'s denial of benefits in accordance with applicable appeal procedures by letter dated March 6, 2007, and provided additional and overwhelming evidence in support of her physical impairments and continuing and permanent disability by letter dated June 6, 2007. Plaintiff further demanded that ALBERTSON'S, INC. provide to her copies of its claims guidelines and manuals used or relied upon in the administration of claims and her claim.

11. ALBERTSON'S, INC. has failed to make any determination of said appeal. It has not communicated with Plaintiff or her counsel in any fashion as to said appeal. It has further failed and refused to produce the requested claims guidelines and manuals despite its obligation to produce such information under applicable regulations and the terms of the Plan.

12. As a direct and proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damages as outlined below.

13. As the result of the actions of Defendants, and each of them, Plaintiff has been improperly denied disability benefits together with interest thereon and has suffered further and severe economic hardship and emotional distress.

14. As a further result of the actions of Defendants, and each of them, Plaintiff has been forced to engage the services of legal counsel for the purpose of

COMPLAINT    3    Case No. _____

1  obtaining her insurance benefits.

## FIRST CAUSE OF ACTION
### Recovery Of Employee Benefits
(Against all Defendants; 29 U.S.C. § 1132(a)(1)(B))

15. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 14 of this complaint as though fully set forth herein.

16. At all relevant times, Plaintiff was insured under the Plan and Defendants were responsible for the administration and handling of Plaintiff's benefits.

17. At all material times herein, Plaintiff has complied with all the material provisions pertaining to the Plan, and/or compliance has been waived or Defendants are estopped from asserting non-compliance.

18. While the Plan was in full force and effect, Plaintiff became and remains totally disabled and entitled to receive benefits under the Plan.

19. ALBERTSON'S, INC., however, terminated Plaintiff's claim for benefits and has refused and continues to refuse to make monthly disability payments to Plaintiff. Plaintiff appealed ALBERTSON'S, INC.'s denial of benefits and exhausted her administrative remedies. The appeal is deemed denied by ALBERTSON'S, INC.'s failure to respond and decide the appeal.

20. Defendants' refusal to pay Plaintiff benefits violates the terms of the Plan, and Defendants' actions in administering Plaintiff's claim and in denying benefits were arbitrary and capricious. At all material times herein, Defendants, and each of them, failed and refused to honor the Plan. Defendants are liable for all benefits due under the Plan and POLICY which have been improperly withheld from Plaintiff. Plaintiff's physical conditions are permanent, and in particular, the debilitating effects of Post-Polio Syndrome will only progress in the future. Accordingly, Plaintiff is and will continue to be entitled to monthly disability benefits through the applicable maximum benefit

period – to age 65.

21.  As a proximate result of Defendants' actions, Plaintiff has been deprived of her disability benefits to which she was and is entitled and has suffered damage as set forth in Paragraphs 12-14 above. Plaintiff further seeks a declaration as to her entitlement to future benefits, to wit: an injunction prohibiting Defendants from terminating her benefits until the end of the maximum benefit period or such other declaration the Court deems proper.

## SECOND CAUSE OF ACTION
### Breach of Fiduciary Duty
(Against ALBERTSON'S, INC. and Does 11-20;
29 U.S.C. §§1104(a)(1); 1109; 1132(a)(2); 1132(a)(3))

22.  Plaintiff realleges and incorporates by reference herein paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23.  At all material times herein, Defendants, and each of them, were fiduciaries with respect to their exercise of authority over the management of the Plan, disposition of Plan assets, and administration of the Plan.

24.  Plaintiff asserts a breach of fiduciary duty against ALBERTSON'S, INC. as an individual Plan participant and on behalf of all other the participants and beneficiaries of the Plan.

25.  Plaintiff asserts that a claim for benefits due under the Plan does not provide her with an adequate remedy at law in light of ALBERTSON'S, INC.'s continuing course of conduct in violating the terms of the Plan and applicable law as described below.

26.  Defendants, and each of them, were obliged to discharge their duties solely in the interests of beneficiaries and participants for the exclusive purpose of providing beneficiaries and participants benefits, defraying reasonable expenses of the Plan, using all prudent skill and diligence in accordance with the documents and instruments governing the Plan.

27.  At all material times herein, Defendants, and each of them, violated

these duties by, *inter alia*, the following:

A. Consciously and unreasonably failing to investigate or evaluate Plaintiff's claim, and related claims and/or similar claims, fairly or in good faith, but, on the other hand, utilizing the information available to it in a manner calculated to provide it with a wrongful but plausible sounding justification to deny benefits;

B. Consciously and unreasonably setting out to create a plausible sounding basis upon which to deny Plaintiff's claim, and related claims and/or similar claims, and seeking to obtain information calculated to permit it to claim that it had a plausible sounding basis upon which to deny Plaintiff's benefits;

C. Consciously and unreasonably abusing its right to have Plaintiff's purported physical condition examined as a means to obtain a plausible basis to justify denial of benefits rather than to fairly assess Plaintiff's disability, as Defendants did with similar and/or related claims;

D. Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claim, and related claims and/or similar claims, for benefits and consciously and unreasonably failing to investigate all bases to support coverage;

E. Consciously and unreasonably delaying, refusing, and continuing to refuse to pay Plaintiff benefits, and related claims and/or similar claims for benefits, properly payable under the Plan and to deprive Plaintiff of her rightful

COMPLAINT                                6                                Case No. ____

      benefits with the knowledge that said delays and denials were and are wrongful and contrary to their obligations under the Plan and the law;

F. Consciously and unreasonably failing to investigate Plaintiff's claim, and related claims and/or similar claims, fairly and in good faith and refusing to give Plaintiff's interests or the interests of the Plan at least as much consideration as they gave their own;

G. Consciously and unreasonably failing to adopt and implement reasonable or proper standards applicable to the prompt and fair investigation, processing and adjudication of Plaintiff's claim, and related claims and/or similar claims, under the Plan;

H. Consciously and unreasonably interpreting the POLICY in a manner designed to deny benefits and in a manner which thwarts the reasonable expectations of the Plan's beneficiaries and participants in order to maximize its owns profits and minimize the benefits it pays claimants;

I. Consciously and unreasonably refusing to pay Plaintiff's claim, and related claims and/or similar claims, with the knowledge that Plaintiff's claim is payable and with the intent of saving them money at Plaintiff's expense. In particular, ALBERTSON'S, INC. has had and continues to have full knowledge that Plaintiff is disabled and entitled to total disability benefits under the Plan, but have nevertheless refused to pay and honor Plaintiff's known legitimate claim; and

7

COMPLAINT                          Case No. _____

  J. Consciously and unreasonably failing to follow the terms of the Plan and applicable regulations governing the administration of claims, the review of denied claims, and required production of relevant documents.

28. As a proximate result of Defendants' actions, Plaintiff has been damaged as set forth in Paragraphs 12 through 14 above. In addition, Plaintiff seeks appropriate equitable relief from the Defendants, and each of them, by being placed in the position she would have been in had Defendants not breached the duties described herein, and had she been paid the benefits to which she is entitled, including any and all benefits, interest, attorneys fees and other losses resulting from Defendants' breach.

## THIRD CAUSE OF ACTION
### Equitable Relief
(Against ALBERTSON'S, INC., and DOES 11-20; 29 U.S.C. §1132(a)(3))

29. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. Defendants habitually violated their fiduciary duties in failing to act in accordance with the documents governing the Plan, failing to use all prudent skill and failing to uphold their duty of loyalty to act solely in the interest of the participants and beneficiaries of the Plan, and failing to properly evaluate Plaintiff's claim, among others, for benefits.

31. Plaintiff further alleges that Defendants, and each of them, have breached their fiduciary duties by misapplying, misinterpreting and/or ignoring relevant provisions of the Plan by, and hereby further requests a judgment permanently enjoining Defendants from interpreting the POLICY in the following ways:

  A. From denying benefits based upon an interpretation of "total disability" and "any and every duty" different from that

COMPLAINT  8  Case No. ____

required under applicable law and the Plan, including the requirement that a claimant be unable to work with accommodations that could possibly be to permit a return to work; and

B. From failing to obtain input from medical consultants who are appropriately trained and experienced in the conditions that are the subject of the claim;

32. Plaintiff further requests judgment permanently enjoining Defendants from ever again serving as a fiduciary with respect to the Plan, together with attorneys' fees and costs.

33. In addition, Plaintiff seeks appropriate equitable relief from the Defendants, and each of them, and seeks an order by this Court that her total disability benefits be reinstated, that Defendants be enjoined from terminating benefits for the duration of the applicable maximum benefit period under the Plan, and that she be placed in the position she would have been in had she been paid the benefits to which she is entitled, including, without limitation, interest, attorneys fees and other losses resulting from Defendants' breach.

## FOURTH CAUSE OF ACTION
### Failure to Produce Documents
(Against ALBERTSON'S INC., and DOES 11-20; 29 U.S.C. §1109)

34. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. Plaintiff made a proper written request for documents to which she was entitled under 29 U.S.C. §1024(b)(4) and other relevant sections of ERISA. These document were not provided in response to that request. Defendants' failure to provide said documents within thirty (30) days of Plaintiff's original request entitles Plaintiff to the civil penalties of $110 per day per document request, as described in 29 U.S.C. §1132 (c)(1) and as set forth in 29 C.F.R.

COMPLAINT                                    9                                    Case No. ____

§2575.502 c-1. Said penalties begin on the thirty-first (31ˢᵗ) day following the date Defendants' received Plaintiff's document requests.

36. To date, Defendants continue to refuse to provide the documents requested by Plaintiff. It has therefore been more than the 30 days allowed under the law for Defendants to respond to Plaintiff's document requests.

37. Defendants' failure and refusal to produce the requested materials is evidence of Defendants bad faith and conflict of interest.

38. As a direct and proximate result of the foregoing actions and omissions, Defendants have breached their obligations and duties under ERISA, as both plan administrators and plan fiduciaries and are liable for civil penalties.

WHEREFORE, Plaintiff prays as follows:

1. For a determination that Plaintiff is entitled to receive benefits under the Plan and an injunction mandating the payment of benefits to Plaintiff for the maximum benefit period under the Plan;

2. For damages according to proof;

3. For general damages according to proof;

4. For civil penalties as set forth above;

5. For attorneys' fees and costs of suit incurred herein;

6. For interest;

7. For equitable and injunctive relief as set forth above; and

8. For such other and further relief as the Court may find appropriate.

JURY TRIAL IS HEREBY DEMANDED

DATED: July 27, 2007

PILLSBURY & LEVINSON, LLP

By: /s/ for T-Coleman
Terrence J. Coleman, Esq.
Attorneys for Plaintiff
KAMAL JOHAL

COMPLAINT                                      10                                      Case No. ___

*EXHIBIT 2*

08/01/07 @ 12:20

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)*<br>**NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>ALBERTSON'S, INC.; ALBERTSON'S INC. EMPLOYERS'<br>DISABILITY PLAN; and DOES 1 through 20, inclusive.<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>KAMAL JOHAL | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>JUL 2 7 2007<br><br>CLERK OF THE SUPERIOR COURT<br>By _KMEL DHILLON_ Deputy |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Alameda Superior Court<br>1225 Fallon Street<br>Oakland, CA 94612

CASE NUMBER: RG 07338017

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:<br>*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*<br>Terrence J. Coleman<br>Pillsbury & Levinson LLP, 600 Montgomery Street, 31st Floor, San Francisco, CA 94111 Tel: (415) 433-8000

DATE: JUL 2 7 2007  Clerk, by KMEL DHILLON, Deputy<br>*(Fecha)* PAT S. SWEETEN *(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)<br>*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ALBERTSON'S, INC.
   under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 08/01/07

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

| | | CM-010 |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):<br>Terrence J. Coleman (State Bar No. 172183)<br>Pillsbury & Levinson, LLP<br>601 Montgomery Street, 31st Floor, San Francisco, CA 94111<br>TELEPHONE NO.: 415-433-8000   FAX NO.: 415-433-4816<br>ATTORNEY FOR (Name): Plaintiff, Kamal Johal<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME:<br>CASE NAME:<br>Johal v. Albertson's, Inc. et al. | | FOR COURT USE ONLY<br>ENDORSED<br>FILED<br>ALAMEDA COUNTY<br>JUL 27 2007<br>CLERK OF THE SUPERIOR COURT<br>By KMEL DILLON Deputy |
| CIVIL CASE COVER SHEET<br>[✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CASE NUMBER: 07338017<br>RG<br>JUDGE:<br>DEPT: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   - [ ] Auto (22)
   - [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   - [ ] Asbestos (04)
   - [ ] Product liability (24)
   - [ ] Medical malpractice (45)
   - [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   - [ ] Business tort/unfair business practice (07)
   - [ ] Civil rights (08)
   - [ ] Defamation (13)
   - [ ] Fraud (16)
   - [ ] Intellectual property (19)
   - [ ] Professional negligence (25)
   - [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   - [ ] Wrongful termination (36)
   - [ ] Other employment (15)

   **Contract**
   - [✓] Breach of contract/warranty (06)
   - [ ] Collections (09)
   - [✓] Insurance coverage (18)
   - [ ] Other contract (37)

   **Real Property**
   - [ ] Eminent domain/Inverse condemnation (14)
   - [ ] Wrongful eviction (33)
   - [ ] Other real property (26)

   **Unlawful Detainer**
   - [ ] Commercial (31)
   - [ ] Residential (32)
   - [ ] Drugs (38)

   **Judicial Review**
   - [ ] Asset forfeiture (05)
   - [ ] Petition re: arbitration award (11)
   - [ ] Writ of mandate (02)
   - [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
   - [ ] Antitrust/Trade regulation (03)
   - [ ] Construction defect (10)
   - [ ] Mass tort (40)
   - [ ] Securities litigation (28)
   - [ ] Environmental/Toxic tort (30)
   - [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   - [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   - [ ] RICO (27)
   - [ ] Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   - [ ] Partnership and corporate governance (21)
   - [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action (specify):

5. This case [ ] is [✓] is not a class action suit.

Date: July 27, 2007

Terrence J. Coleman                                      ▶ /s/ for T. Coleman
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

CIVIL CASE COVER SHEET

American LegalNet, Inc.
www.USCourtForms.com

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

BY FAX