Robert R. Pohls (California Bar #131021)
Jason G. Gong (California Bar #181298)
Stacey L. Leask (California Bar #233281)
**POHLS & ASSOCIATES**
12657 Alcosta Boulevard, Suite 150
San Ramon, California  94583
Telephone:  (925) 973-0300
Facsimile:  (925) 973-0330

W. Mark Gavre (*Pro Hac Vice*)
Jeffrey J. Droubay (*Pro Hac Vice*)
**PARSONS BEHLE & LATIMER**
One Utah Center
201 South Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (801) 532-1234
Facsimile:  (801) 536-6111

Attorney for Defendants **Albertson's Inc.** and **Albertson's, Inc. Employees' Disability Plan**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMAL JOHAL,<br><br>            Plaintiff,<br><br>       vs.<br><br>ALBERTSON'S, INC.; ALBERTSON'S, INC. EMPLOYEES' DISABILITY PLAN; and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No. C07-04529-WHA<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

Defendant Albertson's, Inc. ("Albertson's") and defendant Albertson's, Inc. Employees' Disability Plan (the "Plan"), for themselves alone and for no other person or entity, hereby answer the complaint of plaintiff Kamal Johal by admitting, denying and alleging as follows:

///

///

///

**DEFENDANTS' ANSWER TO COMPLAINT**
**Case No. C07-04529-WHA**                                                                                                             Page 1

## ANSWER TO GENERAL ALLEGATIONS

1. Answering paragraph 1 of the complaint, Albertson's and the Plan state that they lack sufficient information for an answer to be made. Albertson's and the Plan therefore deny the allegations in paragraph 1 of the complaint, on that ground and for that reason.

2. Answering paragraph 2 of the complaint, Albertson's and the Plan admit that Albertson's lawfully transacts (and has lawfully transacted) business within the State of California. Except for that admission, Albertson's and the Plan deny each and every allegation in paragraph 2 of the complaint.

3. Answering paragraph 3 of the complaint, Albertson's and the Plan admit that the Plan is an employee welfare benefit plan which is offered by Albertson's, which is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001 *et seq.* ("ERISA"), and which (among other things) provides for certain long-term disability benefits. Whether Albertson's and/or the Plan were Plan Administrators or Plan Fiduciaries depends upon the timeframe for which the allegations are made; therefore; Albertson's and the Plan deny these allegations based upon lack of sufficient information for an answer to be made. Except for the admissions noted in this paragraph 3, Albertson's and the Plan deny each and every allegation in paragraph 3 of the complaint.

4. Answering paragraph 4 of the complaint, Albertson's and the Plan state that they lack sufficient information for an answer to be made. Albertson's and the Plan therefore deny the allegations in paragraph 4 of the complaint, on that ground and for that reason.

5. Answering paragraph 5 of the complaint, Albertson's and the Plan admit that plaintiff was employed by Albertson's as a pharmacist and a participant in the Plan. Except for those admissions, Albertson's and the Plan deny each and every allegation in paragraph 5 of the complaint.

6. Answering paragraph 6 of the complaint, Albertson's and the Plan admit that the Plan provides for the payment of benefits subject to certain terms, conditions and limitations. Except for that admission, Albertson's and the Plan deny each and every allegation in paragraph 6 of the complaint.

7. Answering paragraph 7 of the complaint, Albertson's and the Plan deny each and every allegation in paragraph 7 of the complaint.

8. Answering paragraph 8 of the complaint, Albertson's and the Plan admit that plaintiff timely applied for disability benefits.  Except for this admission, Albertson's and the Plan deny each and every allegation in paragraph 10 of the complaint.

9. Answering paragraph 9 of the complaint, Albertson's and the Plan admit that monthly disability benefits were paid to plaintiff under the Plan for a period of time and that no monthly disability benefits have been paid to plaintiff under the Plan since on or about October 31, 2006.  Except for those admissions, Albertson's and the Plan deny each and every allegation in paragraph 9 of the complaint.

10. Answering paragraph 10 of the complaint, Albertson's and the Plan admit that plaintiff appealed the denial of her claim for further benefits under the Plan and that, in connection with that appeal, plaintiff both provided information to the Plan.  Except for those admissions, Albertson's and the Plan deny each and every allegation in paragraph 10 of the complaint.

11. Answering paragraphs 11 through 14 of the complaint, Albertson's and the Plan deny each and every allegation in paragraphs 11 through 14 of the complaint.

## ANSWER TO FIRST CLAIM FOR RELIEF

12. Answering paragraph 15 of the complaint, Albertson's and the Plan hereby incorporate their answers to paragraphs 1 through 14 of the complaint as if the same were fully set forth herein.

13. Answering paragraph 16 of the complaint, Albertson's and the Plan admit that plaintiff was a participant in the Plan.  Albertson's and the Plan deny that they were responsible for the administration and handling of plaintiff's benefits on the grounds that this allegations in vague and does not provide sufficient information for an answer to be made. Except for the admission noted in this paragraph 13, Albertson's and the Plan deny each and every allegation in paragraph 16 of the complaint.

**DEFENDANTS' ANSWER TO COMPLAINT**
**Case No. C07-04529-WHA**                                                                                                      **Page 3**

14. Answering paragraphs 17 and 18 of the complaint, Albertson's and the Plan deny each and every allegation in paragraphs 17 and 18 of the complaint.

15. Answering paragraph 19 of the complaint, Albertson's and the Plan admit that no monthly disability benefits have been paid to plaintiff under the Plan since on or about October 31, 2006 and that plaintiff appealed the denial of her claim for further benefits under the Plan. Except for those admissions, Albertson's and the Plan deny each and every allegation in paragraph 19 of the complaint.

16. Answering paragraphs 20 and 21 of the complaint, Albertson's and the Plan deny each and every allegation in paragraphs 20 and 21 of the complaint.

## **ANSWER TO SECOND CLAIM FOR RELIEF**

17. Answering paragraph 22 of the complaint, Albertson's and the Plan hereby incorporate their answers to paragraphs 1 through 21 of the complaint as if the same were fully set forth herein.

18. Answering paragraph 23 of the complaint, Albertson's and the Plan state that they lack sufficient information for an answer to be made because, among other things, whether Albertson's and/or the Plan were Plan Administrators or Plan Fiduciaries depends upon the timeframe for which the allegations are made.  Albertson's and the Plan therefore deny each and every allegation in paragraph 3 of the complaint, on that ground and for that reason.

19. Answering paragraphs 24 through 28 of the complaint, Albertson's and the Plan deny each and every allegation in paragraphs 24 through 28 of the complaint.

## **ANSWER TO THIRD CLAIM FOR RELIEF**

20. Answering paragraph 29 of the complaint, Albertson's and the Plan hereby incorporate their answers to paragraphs 1 through 28 of the complaint as if the same were fully set forth herein.

21. Answering paragraphs 30 through 33 of the complaint, Albertson's and the Plan deny each and every allegation in paragraphs 30 through 33 of the complaint.

### ANSWER TO FOURTH CLAIM FOR RELIEF

22. Answering paragraph 34 of the complaint, Albertson's and the Plan hereby incorporate their answers to paragraphs 1 through 33 of the complaint as if the same were fully set forth herein.

23. Answering paragraphs 35 through 38 of the complaint, Albertson's and the Plan deny each and every allegation in paragraphs 35 through 38 of the complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

24. Plaintiff's complaint fails to state a claim against these defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (ERISA Preemption)

25. Any state law claim for relief that may be set forth in the complaint is preempted by ERISA.

### THIRD AFFIRMATIVE DEFENSE
### (No Benefits Without Requisite Level of Functional Impairment)

26. The Plan defines the phrase "totally disabled" to mean the complete inability of the Employee to perform any and every duty of any gainful occupation. Proof of a sickness or injury therefore is not enough to establish plaintiff's eligibility for benefits under the Plan described in the complaint. To the contrary, plaintiff must prove both a sickness (or injury) and a resulting functional impairment.

///
///
///
///

## FOURTH AFFIRMATIVE DEFENSE

### (Benefits Reduced by Other Income Benefits)

27.  Subject certain other terms, conditions and limitations, the Plan provides that the amount of any total disability monthly benefits that is paid will be reduced by Other Income Benefits.  Any amount of total disability monthly benefits that may be paid or payable to plaintiff under the Plan therefore must be reduced by any Other Income Benefits that plaintiff is receiving or may have received.

## FIFTH AFFIRMATIVE DEFENSE

### (Right to Future Benefits Subject to Contingencies)

28.  Plaintiff's right to future benefits under the Plan, if any such right exists, is subject to numerous contingencies and therefore cannot be adjudicated in advance.  Plaintiff's claims for damages and/or equitable relief therefore must be limited to the period (if any) for which benefits were withheld under the policies.

## SIXTH AFFIRMATIVE DEFENSE

### (Privilege)

29.  The conduct of Albertson's and the Plan, to and with reference to plaintiff, was privileged.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

30. Albertson's and the Plan are informed and believes, and on that basis allege, that plaintiff's complaint and the purported claims for relief set forth therein are barred by the doctrine of waiver.

///

///

///

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

31. Albertson's and the Plan are informed and believe, and on that basis allege, that plaintiff's complaint and the purported claims for relief set forth therein are barred by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Duty to Mitigate)

32. Plaintiff was bound to exercise reasonable care and diligence to avoid loss and to minimize his damages, if any there were, and plaintiff may not recover for losses which could have been prevented by reasonable efforts on his part or by expenditures that he might reasonably have made.

## TENTH AFFIRMATIVE DEFENSE

### (No Right to Trial by Jury)

33. Plaintiff is not entitled to a jury trial under ERISA.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Proper Denial of Benefits)

34. Plaintiff's request for benefits was properly denied because no benefits are payable under the terms of the Plan.

## TWELFTH AFFIRMATIVE DEFENSE

### (Discretionary Authority and the Standard of Review)

35. The Plan gives the claim administrator discretionary authority to interpret the Plan and to determine a claimant's eligibility for benefits under the Plan. The decision to deny plaintiff's claim for benefits under the Plan therefore cannot be disturbed unless it was arbitrary and capricious.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Decision Not Influenced by Serious Conflict of Interest)**

36. The decision to deny plaintiff's claim for benefits under the Plan was not influenced by a serious conflict of interest. The decision to deny plaintiff's claim for benefits under the Plan therefore cannot be disturbed unless it was arbitrary and capricious.

WHEREFORE, defendant Albertson's, Inc. and defendant Albertson's, Inc. Employees' Disability Plan pray for judgment as follows:

1. That plaintiff take nothing by reason of his complaint herein;
2. For their reasonable attorneys' fees and costs of suit incurred herein; and
3. For such other and further relief as the court may deem just and proper.

Respectfully submitted,

POHLS & ASSOCIATES

_____
Robert R. Pohls
Jason G. Gong
Stacey L. Leask
Attorney for Defendants **Albertson's, Inc.** and **Albertson's, Inc. Employees' Disability Plan**

DEFENDANTS' ANSWER TO COMPLAINT
Case No. C07-04529-WHA                                                                                              Page 8

# PROOF OF SERVICE
## (F.R.C.P., Rule 5(b))

**Kamal Johal v. Albertson's, Inc., et al.**
**U.S. District Court, Northern District of California, Case No. C07-04529-WHA**

I, Robert R. Pohls, declare that I am over the age of eighteen years, and not a party to this action or proceeding. My business address is 12657 Alcosta Boulevard, Suite 150, San Ramon, CA 94583. On September 10. 2007, I caused the following document(s) to be served:

## DEFENDANTS' ANSWER TO COMPLAINT

[X] in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

[ ] in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above enclosed in a sealed envelope, with postage fully prepaid thereon, in the United States mail at Walnut Creek, California addressed as set forth below.

[ ] in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by having personally delivered a true copy of the document(s) listed above, enclosed in a sealed envelope, to the person(s) and at the address(es) set forth below.

[ ] by having a true copy of the document(s) listed above transmitted by facsimile to the person(s) at the facsimile number(s) set forth below before 5:00 p.m. The transmission was reported as complete without error by a report issued by the transmitting facsimile machine. A true and correct copy of the transmission report is attached hereto.

Terrence J. Coleman, Esq.
**Pillsbury & Levinson, LLP**
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, California 94111

I declare under penalty of perjury that the foregoing facts are true and correct. Executed on September 10, 2007 at San Ramon, California.

_____
Robert R. Pohls