Robert R. Pohls (California Bar #131021)
Stacey L. Leask (California Bar #233281)
**POHLS & ASSOCIATES**
12657 Alcosta Boulevard, Suite 150
San Ramon, California  94583
Telephone:  (925) 973-0300
Facsimile:  (925) 973-0330

W. Mark Gavre (Pro Hac Vice)
Jeffrey J. Droubay (Pro Hac Vice)
**PARSONS BEHLE & LATIMER**
One Utah Center
201 Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (925) 532-1234
Facsimile:  (925) 536-6111

Attorneys for Defendants **Albertson's, Inc.** and
**Albertson's, Inc. Employees' Disability Plan**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMAL JOHAL,<br><br>         Plaintiff,<br>   vs.<br><br>ALBERTSON'S, INC.; ALBERTSON'S, INC. EMPLOYEES' DISABILITY PLAN; and DOES 1 through 20, inclusive,<br><br>         Defendants. | Case No. C07-04529-WHA<br><br>**JOINT RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California re Contents of Joint Case Management Statement, plaintiff Kamal Johal, defendant Albertson's, Inc. ("Albertson's") and defendant Albertson's, Inc. Employees Disability Plan (the "Plan") hereby submit the following joint Rule 26(f) Report and Case Management Statement:

///

///

**1. Jurisdiction and Service.**

The parties agree that jurisdiction exists under 29 U.S.C. Section 1331 because the claims in this case relate to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA). The parties further agree that, under 28 U.S.C. Section 1441(a), venue is proper within the Northern District of California because this action was pending in the California Superior Court in and for the County of Alameda at the time of its removal.

All parties have been served and, at this time, none of the parties anticipates joining additional parties to this action.

**2. Facts.**

Plaintiff alleges that she suffers from multiple medical conditions, including Post Polio Syndrome and its related fatigue and weakness; severe degeneration to her knees requiring a total knee replacement; bilateral nerve entrapment, carpal tunnel syndrome and ulnar neurpathy; and sleep apnea. She also asserts that, beginning in January of 2003, those conditions made her unable to perform the duties of her regular occupation as a pharmacist and any other gainful occupation for which she was reasonably fitted by reason of her education, experience and training. After investigating plaintiff's claims, the Plan paid short-term disability benefits to plaintiff for the period from January 2003 through July 2003. It later paid long-term disability benefits to plaintiff for the period from July 2003 through July 2005.

Defendants' contend that the Plan's definition of Total Disability changed in July 2005, such that plaintiff would be entitled to further long-term disability benefits only if an injury or sickness made her incapable of performing the duties of any gainful occupation for which she was reasonably fitted (or might reasonably become qualified). Plaintiff claims that she was provided conflicting and incomplete information as to the applicable Plan documents and definition of disability, but that even under an "any occupation" definition of disability, she remained entitled to benefits. The Plan continued paying long-term disability benefits to plaintiff while it reviewed Plaintiffs' claim through October 31, 2006. However, the Plan

ultimately concluded that, as of mid-October 2006, plaintiff was capable of performing at least sedentary work.  It therefore determined that plaintiff was no longer Totally Disabled and was not entitled to further benefits after October 31, 2006.

Plaintiff disputes the Plan's conclusions about whether she is Totally Disabled within the meaning of the Plan and claims that plaintiff is entitled to further benefits for the period after October 31, 2006.

### 3.  Legal Issues.

The parties dispute the applicable standard of review.  Plaintiff contends that *de novo* review is required due to (1) the failure of the Plan to respond to the administrative appeal Plaintiff submitted through her counsel and other serious irregularities with respect to the administration of her claim; and (2) the Ninth Circuit's recent holding in another case against Albertson's, *Shane v. Albertson's Inc.,* 504 F.3d 1166 (9th Cir. 2007).

Defendants contend that, in part, the Plan's definition of Total Disability states that "[w]hether or not Total Disability exists shall be determined by the Plan Administrator in its sole and absolute discretion."  Defendants therefore contend that the Plan Administrator's decision with respect to whether plaintiff is Totally Disabled within the meaning of the Plan must be reviewed under an abuse of discretion standard.  In light of the Ninth Circuit's recent decision in *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006), the parties further disagree about the amount of deference that the Court should give the Plan Administrator's decision.

### 4.  Motions.

Plaintiff intends to seek discovery at least with respect to the following issues: (1) the applicable standard of review; and (2) the Plan Administrator's alleged failure to produce requested relevant documents for which a claim has been stated under ERISA. Plaintiff anticipates that, should the parties be unable to agree upon an appropriate discovery plan, motion practice on this issue will be necessary.  Plaintiff further

contends cross-motions for summary judgment on (1) the standard of review and (2) the merits, would be appropriate.

The defendants assert that, because the claims in this case relate to an ERISA plan which gave the Plan Administrator discretion to determine plaintiff's eligibility for benefits, evidence that is extrinsic to the administrative record is inadmissible and any discovery with respect to the merits of plaintiff's claim for benefits would be improper. *See, e.g.*, *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-944 (9th Cir. 1995); See also, *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006). Plaintiff disputes that assertion.

The defendants further anticipate filing a motion for summary judgment and/or for judgment on the administrative record.

**5.  Amendment of Pleadings.**

The parties do not presently intend to amend the pleadings.

**6.  Evidence Preservation.**

The Plan already has assembled (and is preserving) the administrative record regarding plaintiff's claim for benefits. Plaintiff's counsel has custody of relevant documents in Plaintiff's possession.

**7.  Initial Disclosures.**

The parties have agreed to exchange their respective initial disclosures within 15 days of the submission of this report.

**8.  Discovery.**

The defendants assert that, because the claims in this case relate to an ERISA plan which gave the Plan Administrator discretion to determine plaintiff's eligibility for benefits, evidence that is extrinsic to the administrative record is inadmissible and any discovery with

respect to the merits of plaintiff's claim for benefits would be improper.  See, e.g., *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-944 (9th Cir. 1995); See also, *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006).

Plaintiff disputes that the abuse of discretion standard applies, and, as stated above, intends to seek discovery on the standard of review and the Plan Administrator's alleged failure to produce required documents. The parties therefore anticipate that, if they cannot resolve those issues informally, a motion to determine plaintiff's right to conduct discovery (and the scope of any such right) may be necessary.

**9.  Class Actions.**

Not applicable.

**10.  Related Cases.**

Not applicable.

**11.  Relief.**

Plaintiff seeks to recover further long-term disability benefits under the Plan for the period since October 31, 2006.  Her complaint also prays for general damages, civil penalties, equitable and injunctive relief, as well as attorneys' fees.

**12.  Settlement and ADR.**

Plaintiff is amenable to private mediation.

**13.  Consent to Magistrate Judge for All Purposes.**

At this point, the parties are not willing to consent to having a magistrate judge conduct all further proceedings including trial and entry of judgment.

///

///

### 14. Other References.

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues.

As noted above, the parties anticipate that a motion to determine plaintiff's right to conduct discovery (and the scope of any such right) may be necessary. The Court's ruling on that motion may determine the admissibility of certain extrinsic evidence. It may also prompt the parties to stipulate to certain facts and/or the authenticity of the administrative record.

The parties anticipate filing cross-motions for summary judgment to establish the applicable standard of review, and thereafter, on the merits of the action.

### 16. Expedited Schedule.

Not applicable.

### 17. Scheduling.

As explained above, the parties disagree about plaintiff's right to conduct discovery, the scope of any such right, and the standard of review. Until those issues are resolved, the parties cannot propose meaningful dates for designating experts, the discovery cutoff, the hearing of dispositive motions, the pretrial conference and/or trial.

The parties therefore request a hearing on a motion to establish the standard of review to be scheduled sufficiently in advance to allow resolution of any discovery disputes. The parties request such motion on the standard of review to be heard in May, 2008.

### 18. Trial.

Plaintiff's complaint prays for a jury trial. However, the defendants maintain that, because they are preempted by ERISA, plaintiff's claims must be tried to the Court without a jury.

As explained above, the parties disagree about plaintiff's right to conduct discovery, the scope of any such right, and the admissibility of evidence which is extrinsic to the administrative record. Until those issues are resolved, the parties cannot provide meaningful estimates for the trial of this action.

### 19. Disclosure of Non-Party Interested Entities or Persons.

Pursuant to Civil Local Rule 3-16, the defendants already have filed a Certification of Interested Entities or Persons.

### 20. Other Matters.

Not applicable.

*POHLS & ASSOCIATES*

DATED: November 29, 2007        By: /S/ Robert R. Pohls
_____
Robert R. Pohls
Attorneys for Defendants **Albertson's, Inc.** and **Albertson's, Inc. Employees' Disability Plan**

*PILLSBURY & LEVINSON, LLP*

DATED: November 29, 2007        By: /S/ Terrence J. Coleman
_____
Terrence J. Coleman
Attorneys for Plaintiff
**Kamal Johal**

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

*[The Court may wish to make additional orders, such as:*

    *(a)    Referral of the parties to court or private ADR process;*

    *(b)    Schedule a further Case Management Conference;*

    *(c)    Schedule the time and content of supplemental disclosures;*

    *(d)    Specially set motions;*

    *(e)    Impose limitations on disclosure or discovery;*

    *(f)    Set time for disclosure of identity, background and opinions of experts;*

    *(g)    Set deadlines for completing fact and expert discovery;*

    *(h)    Set time for parties to meet and confer regarding pretrial submissions;*

    *(i)    Set deadline for hearing motions directed to the merits of the case;*

    *(j)    Set deadline for submission of pretrial material;*

    *(k)    Set date and time for pretrial conference;*

    *(l)    Set a date and time for trial.]*

Dated: December __, 2007

 

_____
United States District/Magistrate Judge