Robert R. Pohls (California Bar #131021)
Stacey L. Leask (California Bar #233281)
**POHLS & ASSOCIATES**
12657 Alcosta Boulevard, Suite 150
San Ramon, California  94583
Telephone:  (925) 973-0300
Facsimile:  (925) 973-0330

W. Mark Gavre (Pro Hac Vice)
Jeffrey J. Droubay (Pro Hac Vice)
**PARSONS BEHLE & LATIMER**
One Utah Center
201 Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (925) 532-1234
Facsimile:  (925) 536-6111

Attorneys for Defendants **Albertson's, Inc.** and **Albertson's, Inc. Employees' Disability Plan**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMAL JOHAL,<br><br>            Plaintiff,<br>     vs.<br><br>ALBERTSON'S, INC.; ALBERTSON'S, INC. EMPLOYEES' DISABILITY PLAN; and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No. C07-04529-WHA<br><br>**DEFENDANTS' UPDATED CASE MANAGEMENT STATEMENT**<br><br>DATE:             March 6, 2008<br>TIME:             11:00 a.m.<br>COURTROOM:  9 (Judge Alsup) |

In anticipation of the upcoming Case Management Conference, defendant Albertson's, Inc. ("Albertson's") and defendant Albertson's, Inc. Employees Disability Plan (the "Plan") hereby supplement the Joint Rule 26(f) report previously filed herein by submitting the following Updated Case Management Statement:

///

///

///

**1.  Plaintiff has Received All the Benefits for Which the Plan Provides.**

The first cause of action in plaintiff's complaint purports to state a claim under 29 U.S.C. §1132(a)(1)(B) for the recovery of benefits under an ERISA plan.  *Complaint*, ¶¶18-20.

In their answer, Albertson's and the Plan admitted that no benefits had been paid to plaintiff since October 31, 2006 and denied that plaintiff was entitled to any further benefits under the Plan.  *Answer*, ¶15.  However, Albertson's and the Plan have since determined that plaintiff is disabled within the meaning of the Plan.  *Exhibit 1* (1/24/2008 Letter).  When notifying plaintiff of that determination, Albertson's and the Plan also unambiguously committed to pay plaintiff all the benefits for which the Plan provides and to continue doing so for so long as she remains disabled within the meaning of the Plan.  *Id.*

In accordance with those communications, Albertson's and the Plan now have paid plaintiff all the benefits for which the Plan provides.  *Exhibit 2* (2/5/2008 Letter).  The first cause of action in plaintiff's complaint therefore involves no justiciable controversy and, for that reason, should be dismissed.  See, e.g., *Blair v. Shanahan*, 38 F.3d 1514, 1518 (9th Cir. 1994) ["Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case."]; *see also*, *International Video Corporation v. Ampex Corporation*, 484 F.2d 634, 636 (9th Cir. 1973).

**2.  Plaintiff's Fiduciary Liability Claims are Untenable.**

The second and third causes of action in plaintiff's complaint purport to state claims for "appropriate equitable relief" under 29 U.S.C. §1132(a)(3).  *Complaint*, ¶¶28 and 33.

In connection with those claims, plaintiff alleged that "a claim for benefits due under the Plan does not provide her with an adequate remedy at law."  *Complaint*, ¶¶25 and 29.  She also specifically asked that the Court provide "appropriate equitable relief" to place her "in the position she would have been in had Defendants not breached the duties described" elsewhere in the Complaint and if she had "been paid the benefits to which she is entitled."  *Complaint*, ¶28; See also, *Complaint*, ¶33.

///

The controlling Ninth Circuit authorities do not permit plaintiff to pursue such claims when, as here, she had a tenable claim for benefits under 29 U.S.C. §1132(a)(1)(B).  See, *Varity Corp. v. Howe*, 516 U.S. 489 (1996); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997), aff'd 55 U.S. 299 (1999); *Bowles v. Reade*, 198 F.3d 752 (9th Cir. 1999); Accord, *Wald v. Southwestern Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996).  Moreover, the undeniable fact that Albertson's and the Plan now have paid plaintiff all the benefits for which the Plan provides establishes that plaintiff already has been made whole.  Plaintiff's fiduciary liability claims therefore are untenable and should be dismissed.

### 3.  Plaintiff's Claim for Daily Penalties Cannot Justify Further Litigation.

The fourth (and final) cause of action in plaintiff's complaint purports to state a claim for daily penalties under 29 C.F.R. 2575.502c-1.

In connection with that claim, plaintiff has alleged that she made "a proper written request for documents to which she was entitled under 29 U.S.C. §1023(b)(4)" and which "were not provided in response to that request."  *Complaint*, ¶35.  However, Albertson's and the Plan already have provided copies of every document for which plaintiff made a "proper written request."  Moreover, because she has been made whole, plaintiff cannot demonstrate any prejudice from a delay in producing any document for which she made a "proper written request."

Under those circumstances, plaintiff's claim for daily penalties under 29 C.F.R. 2575.502c-1 cannot justify the burden or expense of further litigation.  *Crosby v. Rohm & Haas Company*, 480 F.3d 423 (6th Cir. 2007) [penalties are inappropriate when defendants made good faith attempt to comply and caused no prejudice]; cf., *Lowe v. McGraw-Hill Companies, Inc.*, 361 F.3d 335 (7th Cir. 2004) [penalties are appropriate when defendants' failure was egregious and forced litigation for which attorneys' fees were not recoverable].  Instead, that claim should be summarily rejected and dismissed.

///

///

### 4. Potential Motion for Summary Judgment.

Albertson's and the Plan have asked several times that plaintiff supply information about the attorneys' fees and costs she seeks to recover in connection with her first claim for relief. To date, though, she has been unwilling to share that information.

Plaintiff also has advised Albertson's and the Plan that she is intent on prosecuting the remaining claims set forth in her Complaint. Albertson's and the Plan therefore submit that it may be necessary for them to challenge those claims by filing a motion for summary judgment.

**POHLS & ASSOCIATES**

DATED: March 3, 2008        By: _____
Robert R. Pohls
Attorneys for Defendants **Albertson's, Inc.** and **Albertson's, Inc. Employees' Disability Plan**