Terrence J. Coleman (State Bar No. 172183)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, California 94111
Telephone: (415) 433-8000
Facsimile: (415) 433-4816
E-mail: tcoleman@pillsburylevinson.com

Attorneys for Plaintiff,
KAMAL JOHAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMAL JOHAL,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSON'S, INC.; ALBERTSON'S INC. EMPLOYEES' DISABILITY PLAN; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C07-04529 WHA<br><br>**PLAINTIFF'S UPDATED CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: March 6, 2008<br>Time: 11:00 a.m.<br>[Hon. William H. Alsup, Crtrm. 9] |

Plaintiff, Kamal Johal, hereby supplements the Joint 26(f) report previously submitted by the parties.

**A. <u>Plaintiff's Remaining Claims Notwithstanding Defendants' Payment of Past Benefits</u>**

On the day Defendants' were required to file their summary judgment motion pursuant to this Court's prior Case Management Order, Defendants' filed a notice that they would not do so and instead accepted Plaintiff's disability and entitlement to benefits. By letter dated February 5, 2008, Defendants then paid back benefits owed. Plaintiff disputes Defendants' calculations of the amount of past monthly benefits and interest. Further, Plaintiff's Complaint contains claims for (1) attorneys' fees and costs pursuant to 29 U.S.C. §1132(g); (2) breach of fiduciary duty and

equitable relief pursuant to 29 U.S.C. §1132(a)(3); and (3) civil penalties for failure to produce documents pursuant to 29 U.S.C. §1132(c)(1)(B). Thus, although Plaintiff's disability is no longer at issue in light of Defendants' concession, other claims and remedies remain at issue.

Without citing any authority allowing it to do so, Defendants apparently seek to have this Court summarily dismiss the action and all claims in light of their partial payment of past benefits and interest. In fact, courts in the Northern District have specifically rejected attempts to dismiss claims brought under 29 U.S.C. §1132(a)(3). *See, Ehrman v. Standard Ins. Co.*, 2007 WL 1288465, at *4 (N.D. Cal. 2007); *Finkelstein v. The Guardian Life Ins. Co. of America*, 2007 WL 4287329, at *4 (N.D. Cal. 2007). Further, ERISA provides that any administrator who fails to comply with a request for information by a participant or beneficiary required under ERISA is liable for statutory penalties. 29 U.S.C. § 1132(c)(1)(B).

**B. <u>Dispute Resolution</u>**

Defendants have not meaningfully responded to Plaintiff's proposal to pursue private mediation and Plaintiff is therefore unsure whether Defendants are willing to engage in alternative dispute resolution. If not, Plaintiff requests the Court to schedule a date for the filing of cross-motions for summary judgment in three months to permit time to complete discovery.

Dated: March 4, 2008

PILLSBURY & LEVINSON, LLP

By /S/

Terrence J. Coleman
Attorneys for Plaintiff
KAMAL JOHAL